HEIDEMAN-BENOIST SADDLERY COMPANY, Appellant, v. URNER & PREWETT, Respondents.

Kansas City Court of Appeals, February 8, 1887.

ATTACHMENT — GROUNDS FOR — DEBTOR AND CREDITOR — CASE ADJUDGED.—A debtor in failing circumstances has the right to prefer one creditor to another, by either paying him in money, or by transferring to him, in any mode, sufficient of his property to pay him in full. And although his act may have the effect to delay or hinder the other creditors in the collection of their claims, this is not, of itself, sufficient to warrant an attachment. And if the debtors, in this case, were actuated in inducing the home creditors to attach, by an honest purpose to secure their debts in preference to other creditors, and this was not done to secure to themselves any advantage, or to defeat such other creditors, otherwise than by the necessary effect of such preference, this, of itself, was not sufficient ground for attachment.

APPEAL from Vernon Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

The case is stated in the opinion.

SCOTT & HOSS, for the appellant.

I. Defendants, by their own testimony, show that their *intention* was to defeat all foreign creditors, and would fraudulently commit some of the acts specified in the attachment law, authorizing an attachment, in order to enable certain creditors to defeat others, even to the changing of their books of account.

II. Such measures as the defendants admit that they resorted to in this case, to prefer favorite creditors, is a base fraud upon those whom they are endeavoring to defeat.

H. H. BLANTON, for the respondents.

I. The testimony in this case shows that there was no real ground for attachment. Defendants committed no act that would authorize an attachment. There was no fraudulent conspiracy between defendants and any of their creditors, but only a preference given to home creditors over foreign, which they had the right to give. *Ensworth v. King*, 50 Mo. 477 ; *Greely v. Reading*, 74 Mo. 309 ; *Gummersell v. Hanbloom*, 19 Mo. App. 274.

PHILIPS, P. J.—This is an action by attachment. The grounds of attachment alleged in the affidavit are, that defendants are about, fraudulently, to conceal, or dispose of their property, etc., so as to hinder and delay their creditors, and that they have fraudulently removed or disposed of their property, etc.

On trial of the issues, on plea in abatement, had before the court sitting as a jury, the issues were found for the defendants.

The evidence showed that defendants were merchants, in saddlery, in the city of Nevada, Vernon county. They became largely indebted, beyond the amount of their assets. Some of their foreign creditors were pressing them for money, and threatening to bring suits against them by attachment. They had several home creditors, among whom were Martin, Taylor and Swan. One of the defendants, Urner, went to Martin, while said foreign creditors were so pressing for their debts, and informed him of the fact that they threatened to attach, and suggested to him that he had better attach first, as they wanted to prefer their home creditors. Martin said he had no grounds of attachment. Urner suggested that he would make grounds. Thereupon Martin did attach.

The evidence tended to show that defendants owed said Taylor about fifty-two dollars, and about this time they advised him to pay himself by taking harness out of the store room, which he proceeded to do, taking some of it out at the front door and others through the back door. Swan was the father-in-law of one of the defendants, and the night before the attachment in question he was advised by the son-in-law that he had better remain in town that night, as their creditors were talking about attaching, and that if they moved in the matter, he should get out an attachment to get in ahead of them, which course he pursued.

The evidence also showed that one Cotton, residing in the country, owed the defendants on account about twenty dollars. On the day of the attachments, or about that time, one of the defendants visited him and requested him to pay the account to them, as they had been attached, and wanted the money to turn over to Thornton's bank, which they were owing. The account book of defendants, also, showed that they had marked this account of Cotton's as having been paid on the day before the attachment. Thornton's bank was, however, a creditor of defendants.

The evidence also tended to show that the evening before the attachments were sued out one of defendants took home with him the pocket book that usually remained in the store. But how much, if any, money, it contained, the evidence failed to show.

There was some other immaterial evidence.

The plaintiff asked, and the court refused, the following declaration of law:

"The court declares the law to be, that, if the defendants were insolvent, and were being pressed by their creditors for the payment of their demands, but that plaintiff did not intend to attach until it ascertained that defendants had an understanding with one Martin, a home creditor, and one Swan, a father-in-law of defendant Prewett, that if the foreign creditors intended to attach that they, defendants, would make grounds for attachment, and thus give home creditors a preference in their attachments, and that plaintiff did not attach until it had learned of said fraudulent conspiracy between said Martin, Swan, and defendants, and did not in fact run their attachment, nor intend to do so, until it had ascertained that said Martin and Swan had run their attachments in accordance with their understanding as aforesaid with defendants, then said company and confederation was fraudulent, and tended to hinder and delay these plaintiffs in the collection of their claim, and the attachment should be sustained."

The court, of its own motion, gave the following instruction:

"The court declares that on the issues joined on the plea in abatement in this case, the finding must be for the defendants, unless the court finds that said defendants, at the time of the swearing out of the writ of attachment, were about to fraudulently conceal or dispose of their property or effects so as to hinder or delay their creditors, or that they had fraudulently removed or disposed of their goods and chattels, so as to hinder or delay their creditors, and if the court believes from the

evidence that the goods taken by Stevens were in value no more than sufficient to pay a valid and subsisting debt due to Stevens from defendants, and that the defendants, by their other acts, intended only to give a preference to their home creditors, and that said acts had only that effect, then the finding must be for the defendant."

I. The question decisive of this appeal, as we conceive, is not, as suggested by plaintiff's counsel, whether or not there was sufficient evidence to have justified the trial court in sustaining the attachment; but it is rather whether the court erred in the giving and refusing of declarations of law, and whether the evidence offered by plaintiff was of such persuasive or overwhelming character as to make the finding of the court reversible error.

The instruction asked by the plaintiff was faulty, in assuming that the arrangement between defendants and the home creditors was, *per se*, a "fraudulent conspiracy." That was the very fact in issue, to be determined by a consideration of all the facts and circumstances in evidence. The instruction does not seem to question the validity and *bona fides* of the debts sought to be preferred by the defendants, but is predicated on the theory that, notwithstanding they were *bona fide* debts, yet if the defendants induced these creditors to attach, or accept goods in payment, in order to get in ahead of other creditors, this was, *per se*, a fraudulent conspiracy to hinder or delay the deferred creditors, such as to invite and uphold the attachment.

A debtor in failing circumstances has the right to prefer one creditor to another, by either paying him in money, or by transferring to him, in any mode, sufficient of his property to pay him in full. And although his act may have the effect to delay or hinder the other creditors in the collection of their claims, this is not of itself sufficient to warrant an attachment. *Murray v. Cason,*

15 Mo. 379 ; *Dougherty v. Cooper*, 77 Mo. 531 ; *Forres-ter v. Moore*, 77 Mo. 651.

If the defendants were actuated, in inducing the home creditors to attach, by an honest purpose to secure their debts in preference to other creditors, and this was not done with the view to secure to themselves any advantage, or to defeat such other creditors, otherwise than by the necessary effect of such preference, this of itself was not sufficient ground for an attachment.

The instruction did not properly put the issue of good faith and fraudulent intent.

The instruction given by the court, of its own motion, indicates that the court comprehended clearly enough the real issue in the case.  With its conclusion, as the trier of the facts, we see no just grounds for our interference.

II.   The record in this case is a fit illustration of what seems to be becoming a common understanding and practice among some creditors, that if a debtor is unable to meet his debts, and is hard pressed by his creditors, this is a sufficient ground for an attachment; and the commercial enterprise evinced in getting ahead of all other creditors in the race of diligence and vigilance, is enough to give a *quietus* to the conscience for making the statutory oath required to authorize the issue of the writ of seizure.

The defendants themselves seem to have been victims to this popular practice.   So that while protesting that there existed, in fact, no grounds for attachment, thought they could create one by asking a creditor to swear there was cause.  Because one creditor may be found so pliable as to swear to a fact for which there is no foundation, could hardly be a legal justification for a second affidavit based on the existence of the first.

The judgment of the circuit court is affirmed.   All concur.